United States District Court
Southern District of Texas
**ENTERED**
April 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GUARDIAN FLIGHT, LLC, *et al.*, § § | |
| Plaintiffs, § § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-03805 |
| § § | |
| AETNA HEALTH INC., *et al.*, § § | |
| Defendants. § | |

## ORDER

Before the Court are Plaintiffs' Motion for Partial Reconsideration (Doc. #79), Defendant Kaiser Foundation Health Plan, Inc.'s ("Kaiser") Response (Doc. #86), Defendant Aetna Health, Inc.'s ("Aetna") Response (Doc. #88), and Plaintiffs' Reply (Doc. #88). In its Motion, Plaintiffs Guardian Flight, LLC and CALSTAR Air Medical Services, LLC (collectively, "Plaintiffs") ask the Court to partially reconsider its January 5, 2024 Order granting Aetna and Kaiser's Motions to Dismiss. Doc. #79. Alternatively, Plaintiffs seek a final judgment against Aetna and Kaiser. *Id.* In its January 5 Order, the Court dismissed Plaintiffs' claims against Aetna and Kaiser without prejudice and granted Plaintiffs leave to amend their complaint. Doc. #76 at 11–14, 18. In their Motion, Plaintiffs state that they will not amend their complaint "because they have no additional factual allegations to make." Doc. #79 at 4. In their Reply, Plaintiffs withdraw their request for partial reconsideration and solely ask the Court to enter a final judgment. Doc. #88 at 3.

Considering the Court dismissed Aetna and Kaiser without prejudice for the sole purpose of allowing Plaintiffs to amend their complaint, and Plaintiffs have opted to forego amending their complaint, the Court finds that a final judgment is warranted. FED. R. CIV. P. 54(b). Federal Rule

of Civil Procedure 54(b) permits a court to enter a final judgment "as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." *Id.* Before granting a Rule 54(b) motion, "the court must find that the judgment is final as 'an ultimate disposition of an individual claim entered in the course of a multiple claims action'" and "the court must find that there is no just reason for delay in entering the final judgment." *Abecassis v. Wyatt*, No. H-09-3884, 2010 WL 2671576, at *1 (S.D. Tex. June 30, 2010) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). The Court's January 5 Order disposed of Plaintiffs' claims against Aetna and Kaiser. The Court did so without prejudice to allow Plaintiffs to amend their complaint, but because Plaintiffs have not amended their complaint, the judgment as to Aetna and Kaiser is final. Further, there is no just reason for delay in entering the final judgment. As Plaintiffs note in their Motion, a portion of the Court's January 5 Order has already been appealed to the United States Court of Appeals for the Fifth Circuit by Defendant Medical Evaluators of Texas ASO, LLC. Doc. #79 at 2. Thus, the Court agrees that it would promote judicial efficiency to enter the final judgment against Aetna and Kaiser so the Fifth Circuit can address multiple issues in this case at once. After all, Plaintiffs have made it very clear that they plan on appealing the Court's January 5 Order as to Aetna and Kaiser, thus the Court finds no just reason to delay entering the final judgment.

Accordingly, Plaintiffs' Motion for Reconsideration (Doc. #79) is GRANTED IN PART. The Court will concurrently enter a final judgment.

It is so ORDERED.

__APR 0 9 2024__
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

2